

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-455

| | |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| JAYME ADAMS | APPEAL FROM THE ARKANSAS |
| APPELLANT | WORKERS' COMPENSATION COMMISSION |
| V. | [NO. G103942] |
| GEORGIA PACIFIC, LLC, AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA/ESIS, INC. | AFFIRMED |
| APPELLEES | |

## BRANDON J. HARRISON, Judge

Jayme Adams appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) that found that she did not prove entitlement to temporary-total disability (TTD) after 3 April 2013. On appeal, she argues that she is still in her healing period and is entitled to TTD benefits offset by unemployment benefits. We affirm the Commission.

Adams, an employee of Georgia Pacific, LLC, injured her left shoulder while lifting wet wood on 22 April 2011. Georgia Pacific disputed her workers' compensation claim, arguing that Adams's claim related to a preexisting condition and that Adams had not aggravated that preexisting condition. The Commission ultimately found that (1) Adams had proved by a preponderance of the evidence that she suffered a temporary aggravation

SLIP OPINION

of a preexisting shoulder condition that constituted a compensable shoulder injury, and (2) Adams had proved her entitlement to reasonably necessary medical treatment and TTD benefits, beginning 11 May 2011 and continuing until a date yet to be determined. Georgia Pacific did not appeal that decision.

Another hearing was held before the ALJ in July 2013 to revisit the issues of entitlement to additional medical treatment and TTD benefits. Georgia Pacific claimed that there had been a change of circumstances because (1) Adams had applied for uneployment benefits in September 2012 and April 2013 and begun taking classes at Delta Community College in January 2013, and (2) Adams's medical treatment had been expanded to treat her neck, left elbow, and carpal tunnel syndrome, which related back to Adams's preexisting condition and not her compensable shoulder injury.

Regarding additional medical treatment, the ALJ found that the issue of causation was previously litigated and that Georgia Pacific was barred by the doctrine of res judicata from raising the issue again. The ALJ also found that "[t]he fact that claimant has represented that she is able to work in order to obtain unemployment benefits or has gone back to further her education is not a vaild basis for the termination of her temporary total disability benefits which were ordered to be paid since she remains within her healing period." Georgia Pacific appealed to the Commission, which reversed the ALJ's finding on TTD benefits. The Commission explained:

> As we have noted, the claimant filed a claim for unemployment benefits beginning October 28, 2011. Beginning November 1, 2011, the claimaint signed several Applications for Unemployment Insurance Benefits indicating that there were no "disabilities" which limited the claimant from performing her "normal work duties." The claimant also consistently reported beginning November 1, 2011 that she could immediately begin



full-time work. Dr. Tucker noted in October 2012, "We are going to continue her off of work . . . I expect MMI in a minimum of 12-14 weeks." The claimant subsequently informed the Department of Workforce Services on January 14, 2013 that she had enrolled in Delta Community College in Monroe, Louisiana. The claimant also stated, "I can work every day, any time of day. I want to work. I'm not working right now, but I'm looking for work and would go to work as soon as someone calls me. Eventually, I want a job in the medical field, but right now, I would take just about anything."

The respondents continued to pay temporary total disability benefits until April 3, 2013. The claimant contends on appeal that she is entitled to continued temporary total disability benefits until she completes physical therapy, and until Dr. Tucker finds that the claimant has reached maximum medical improvement. Nevertheless, whether or not the claimant continues within a healing period for her April 22, 2011 compensable injury, the Full Commission finds that the claimant has not proven that she was totally incapacitated from earning wages after April 3, 2013, the date the respondents stopped paying temporary total disability benefits.

The Commission also noted Adams's admission that she could drive, perform household chores, participate in vacations out of state, and attend activities such as dance recitals and athletic events. In support, the Commission cited *Allen Canning Co. v. Woodruff*, 92 Ark. App. 237, 212 S.W.3d 25 (2005), a case in which this court affirmed the Commission's denial of continued TTD benefits based in part on an employee's filing for unemployment compensation benefits. Adams has now timely appealed the Commission's decision.

To receive temporary total-disability benefits, a claimant has the burden of proof to demonstrate by a preponderance of the evidence (1) that she was within a healing period and (2) that she was totally incapacitated from earning wages. *Hickman v. Kellogg, Brown & Root*, 372 Ark. 501, 277 S.W.3d 591 (2008). Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial

basis for the denial of relief. *Neal v. Sparks Reg'l Med. Ctr.*, 104 Ark. App. 97, 289 S.W.3d 163 (2008).

Adams argues that she is still within her healing period, and until she receives all medical treatment deemed reasonable and necessary by her physician, she is entitled to receive unemployment benefits and TTD. She cites *King v. Peopleworks*, 97 Ark. App. 105, 244 S.W.3d 729 (2006), in which this court reversed the Commission's finding that King was not entitled to TTD compensation once he began receiving unemployment benefits. We disagreed that King was not entitled to TTD "merely" because he began receiving unemployment benefits and remanded for factual determinations of whether King remained within his healing period and suffered a total incapacity to earn wages after his receipt of unemployment compensation began.

While Adams argues on appeal that she is still within her healing period, she fails to challenge the Commission's finding that she was not totally incapacitated from earning wages after 3 April 2013. The case relied upon by Adams, *King*, is distinguishable. There, the Commission made no findings on the claimant's healing period or total incapacity to earn wages; but here, the Commission made a specific finding that Adams "has not proven that she was totally incapacitated from earning wages after April 3, 2013." We hold that this case is akin to *Allen Canning* and that substantial evidence supports the Commission's finding that Adams was no longer entitled to TTD benefits.

Affirmed.
WALMSLEY and GRUBER, JJ., agree.
*Thomas Law Firm*, by: *F. Mattison Thomas, III*, for appellant.
*Coplin & Hardy, PLLC*, by: *Betty J. Hardy*, for appellees.